**UNITED STATES of America**

v.

**Gregory HUNT, Appellant**

**No. 01–3059.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Sept. 26, 2002.

Filed Sept. 30, 2002.

---

Before BARRY, AMBRO, and GARTH, Circuit Judges.

OPINION

BARRY, Circuit Judge.

Gregory Hunt pled guilty to conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846 and was sentenced to 121 months in prison. Counsel has submitted a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting that Hunt has no non-frivolous basis for appeal. Hunt subsequently submitted a pro se brief asserting that his appeal is meritori-

ous. After careful review, we will grant counsel's motion to withdraw and affirm the judgment and sentence of the District Court.

Hunt pled guilty to 21 U.S.C. § 846 pursuant to a plea agreement in which it was stipulated that:

(1) Hunt conspired to distribute over 50 grams of crack cocaine.

(2) The base offense level should be 34, pursuant to U.S.S.G. §§ 1B1.3 and 2D1.1(c)(3), because between 150 and 500 grams of crack cocaine was involved in the offense.

(3) The base offense level should be increased to 36 pursuant to U.S.S.G. § 2D1.2(a)(1) because the offense occurred within 1,000 feet of a public housing facility.

(4) The base offense should be increased three additional levels pursuant to U.S.S.G. § 3B1.1(b) because Hunt was a manager or supervisor of a criminal activity that involved five or more people or was otherwise extensive.

(5) Hunt accepted responsibility for his offense, making him eligible for a two-level downward departure under U.S.S.G. § 3E1.1(a). Hunt timely notified the government of his intent to plead guilty, making him eligible for an additional one-level reduction under U.S.S.G. § 3E1.1(b).

The foregoing stipulations resulted in a base offense level of 36. Given that Hunt had a criminal history category of II, his guideline sentencing range was 240 to 262 months. The government agreed, however, that it would move for a downward departure pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) if it determined that Hunt provided substantial assistance regarding the investigation and prosecution of other crimes.

Hunt entered his plea of guilty after a lengthy and complete colloquy. At sen-

tencing, the government filed a motion pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) and the Court granted a five-level downward departure, thus lowering the base offense level to 31 and the sentencing range to 121 to 151 months. The Court then sentenced Hunt to 121 months in prison.

"In *Anders*, the Supreme Court established guidelines for a lawyer seeking to withdraw from a case when the indigent criminal defendant he represents wishes to pursue frivolous arguments on appeal." *United States v. Youla*, 241 F.3d 296, 299 (3d Cir.2001). Thus, "if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." *Anders*, 386 U.S. at 744. Defense counsel's request "must ... be accompanied by a brief referring to anything in the record that might arguably support the appeal." *Id.* When counsel submits an Anders brief, we must inquire: "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *Youla*, 241 F.3d at 300 (citations omitted).

When preparing an *Anders* brief, the duties of defense counsel are "(1) to satisfy the court that counsel has thoroughly examined the record in search of appealable issues, and (2) to explain why the issues are frivolous." *Id.* Here, defense counsel's brief focuses on the jurisdiction of the District Court, the Rule 11 plea hearing, the waiver of most appellate issues effected by the guilty plea, and the District Court's decision to grant the government's § 5K1.1 and 18 U.S.C. § 3553(e) motion.[1] That brief demonstrates that counsel thoroughly examined the record and explained why there were no issues that were not

frivolous. The plea colloquy, for starters, fully complied with Fed.R.Crim.P. 11. The District Court established that Hunt understood his constitutional rights and the nature of the criminal charge to which he was pleading guilty and that he was knowingly and voluntarily entering a guilty plea to that charge which carried a mandatory statutory minimum of 20 years. The District Court also questioned Hunt as to his role in the offense, as well as his understanding of the proceedings. Similarly, the sentencing proceeding met the requirements of Fed.R.Crim.P. 32 and the District Court granted Hunt a significant downward departure—one that went well below even the mandatory minimum—based on his substantial assistance. There are simply no nonfrivolous issues raised in this appeal.

 Hunt is not satisfied with the extent of the downward departure he received. In his pro se brief, he argues that the government did not move for a departure pursuant to both U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(c) but only pursuant to one of those provisions, although he does not specify which one. Presumably as a result of that purported lapse, Hunt argues that his sentence was harsher than it should have been for the assistance he provided and seeks, from us, a "respectable sentence."

As noted above, and as is crystal clear from the record, the government moved under both provisions; indeed, that this is so is underscored by the fact that Hunt received a sentence ten years below the twenty-year mandatory minimum, an impossibility had both provisions not been invoked. While Hunt believes that he deserved an even more significant departure, we have no jurisdiction to review the District Court's discretionary decision to sen-

---

1. We thus, reject out of hand Hunt's contention that counsel, on this appeal, "won't do any research."

tence him as it did. *United States v. Khalil,* 132 F.3d 897, 898 (3d Cir.1997). And, finally, even if, as Hunt suggests, counsel told him he would receive a sentence of less than ten years because of his cooperation, Hunt's guilty plea would not be invalidated. At the time he entered his plea, the government had not committed itself to filing a motion based on his cooperation but, rather, explicitly stated that that was a determination it would later make.[2]

### III.

Accordingly, we will grant counsel's motion to withdraw, and will affirm the judgment and sentence of the District Court.

---

**2.** To the extent that Hunt is claiming that counsel was ineffective for supposedly promising him that he would receive a lower sentence that he did, he may not raise this claim on direct appeal. *See United States v. Haywood,* 155 F.3d 674, 678 (3d Cir.1998) (generally claims of ineffective assistance of counsel are not entertained on direct appeal: "We have repeatedly held that the proper avenue for pursuing such claims is through a collateral proceeding in which the factual basis for the claim may be developed." (quotation and citations omitted)).